## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DESI A. WEEMS, SR., *et al.*,

     *Plaintiffs*,

v.

CALVERT COUNTY GOVERNMENT, *et al.*,

     *Defendants*

No. 24-cv-2786-ABA

### MEMORANDUM OPINION

Plaintiffs Desi Weems, Sr., Chimear Weems, Tassia Weems, and Chileta Weems allege in their 70-page amended complaint that 29 Defendants, including state and private actors, conspired to violate their rights in connection with a property at 12590 Olivet Road in Lusby, Maryland. Plaintiffs are proceeding *pro se*. Many of the Defendants have moved to dismiss the amended complaint. These include the State of Maryland, the Maryland Real Estate Commission, the Board of County Commissioners for Calvert County, Maryland, The Reed Family Trust, James Marcum, Tommy Higgins, Horizon Group of Century 21 New Millenium, NM Management, Inc., and Century 21 New Millenium NM Management, Inc. The complaint will be dismissed, partially with prejudice and partially without prejudice as discussed below.

## ALLEGATIONS AND PROCEDURAL HISTORY[1]

Plaintiffs allege that they are African American and live at 12590 Olivet Road, Lusby, Maryland (the "Olivet Road Property"), where The Church of God of Lusby is located. ECF No. 25 ¶¶ 1–6, 114, 140. They allege that the 29 named Defendants acted together to, among other things, discriminate against them, conduct illegal searches of and trespasses on the Olivet Road Property, illegally surveil and harass them on the Olivet Road Property, misappropriate portions of the Olivet Road Property by changing its property boundaries, and interfere with tax documents related to the Olivet Road Property. *Id.* ¶¶ 1, 41-137. The crux of the amended complaint appears to be that the Defendants performed these actions with discriminatory intent and a desire to steal the Olivet Road Property. The amended complaint does not always make clear which Defendants committed which discrete acts in furtherance of the alleged far-ranging conspiracy and is full of conclusory statements. The amended complaint includes counts alleging violations of 42 U.S.C. § 1981 (count 1), 42 U.S.C. § 1982 (count 2), 42 U.S.C. § 1983 (count 3), the Fourth Amendment (count 4), the Fourteenth Amendment (count 5), various criminal statutes (counts 6 through 8), "Deprivation of Rights Under Color of Law" (count 9, which appears to duplicate count 3), "Pain and Suffering" (count 10), and "Embarrassment and Humiliation" (count 11).

It does not appear that all Defendants have been properly served, but the following Defendants filed motions to dismiss: the State of Maryland (ECF No. 11), the Maryland Real Estate Commission (ECF No. 15), James Marcum, Tommy Higgins, and

---

[1] At the pleadings stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Horizon Group of Century 21 New Millenium (ECF No. 13), NM Management, Inc. and Century 21 New Millenium NM Management, Inc. (ECF No. 21), the Board of County Commissioners for Calvert County, Maryland (ECF No. 32), and The Reed Family Trust (ECF No. 34). Plaintiffs responded to each of the motions and Defendants filed replies. *See* ECF Nos. 29, 31, 36, 37, 40, 41, 42, 45, 43, and 49. Plaintiffs also filed several surreplies without leave of court (styled as "Plaintiffs' Response[s] Rejecting" Defendants' replies), which will not be considered by the Court. ECF Nos. 46, 47, 48; *see* Loc. R. 105(2)(a) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). Plaintiffs also filed a "Motion to Reconsider in Response to Defendant Reed Family Trust's Motion to Dismiss." ECF No. 50. This too is a surreply rather than a motion to reconsider any of the Court's prior rulings. Therefore, it will be denied. Plaintiffs also filed a motion for a hearing and for Defendants to present various documents at the hearing. ECF No. 44. This will also be denied. *See* Loc. R. 105(6) ("Unless otherwise ordered by the Court, however, all motions shall be decided on the memoranda without a hearing.").

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "[l]abels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice to meet the Rule 8 pleading standard." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations to state a facially plausible claim for relief. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted above, when considering such a motion, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

Plaintiffs are self-represented, so the Court construes their amended complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020).

## DISCUSSION

### I.    The Claims Against the State of Maryland and the Maryland Real Estate Commission Are Barred by the Eleventh Amendment

The State of Maryland and the Maryland Real Estate Commission argue that the claims against them are barred by the Eleventh Amendment, which unless waived bars a federal suit against a State or its agencies and departments. U.S. Const. amend. XI; *see Puerto Rico Aqueduct & Sewer Authority v. Metcalfe and Easy, Inc.*, 506 U.S. 139, 144–45 (1993) (discussing Eleventh Amendment immunity). Plaintiffs argue that "[b]y use of the Eleventh Amendment" these Defendants "are infringing on the rights to the

protection of privileges and immunities Plaintiffs are entitled to under the Fourteenth Amendment." ECF No. 29 at 3; *see* ECF No. 36 at 5. This is not a legally cognizable argument regarding Eleventh Amendment immunity.

The State of Maryland is a state and the Maryland Real Estate Commission "is a state entity within the Maryland Department of Labor that, *inter alia*, licenses real estate professionals." ECF No. 15 at 1 (citing Md. Code Ann., Bus. Occ. & Prof. §§ 17-101–17-202). There is no evidence that these state entities have waived their sovereign immunity for claims such as Plaintiffs'. As a result, sovereign immunity bars Plaintiffs' claims against these two entities and the claims against them will be dismissed with prejudice.

## II.    Plaintiffs Lack Standing to Assert Claims on Behalf of The Church of God of Lusby

Several of the Defendants, including the Board of County Commissioners for Calvert County and The Reed Family Trust, contend that Plaintiffs lack standing to bring their claims. Most, if not all, of Plaintiffs' claims arise out of their allegation that "Plaintiff, Desi A. Weems. Sr., is" the "owner of . . . 12590 Olivet Road, MD 20657," as the claims center around the alleged theft of the Olivet Road Property and various trespasses on the property. ECF No. 25 ¶ 2. For example, in count 1 (42 U.S.C. § 1981), Plaintiffs allege that "all Defendants interfered with Plaintiffs' rights to the enjoyment of their property," and that Defendants intended to "illegally remove Plaintiffs from their property, depriving them of their right to keep and hold their property." *Id.* ¶ 140. In count 2 (42 U.S.C. § 1982), Plaintiffs allege that they "were denied the right to hold, lease, sell, and or convey their property as white citizens do, at the hands of all Defendants." *Id.* ¶ 143. In count 3 (42 U.S.C. § 1983), Plaintiffs assert that Defendants

5

intended "to deprive the African American Plaintiffs from their property and transfer ownership to white citizen, Nicholas Stook." *Id.* ¶ 146. In count 4 (Fourth Amendment), Plaintiffs allege that Defendants illegally searched and trespassed on the property, claiming that "all Defendants did all conspire and partake in a collusion scheme" to deprive Plaintiffs of their property. *Id.* ¶ 149. Likewise, count 5 (Fourteenth Amendment) alleges that "all Defendants formed an allegiance in collusion . . . with the intent to deprive the Plaintiffs of their property and to convey ownership of the Plaintiffs' property to white citizen, Nicholas Stook for development." *Id.* ¶ 152.  And in counts 6 through 8, Plaintiffs allege criminal violations in connection with Defendants' alleged scheme to deprive Plaintiffs of their property. *Id.* ¶¶ 153-161.

Records of the Maryland Department of Assessments and Taxation ("SDAT"), however, provide that the property located at 12590 Olivet Road, Lusby, Maryland, 20657-2625 is owned by the Church of God of Lusby, not any of the Plaintiffs. *See* ECF No. 32-3.[2] The SDAT data indicates that Desi and Gail Weems sold the property in 1994. *Id.* Therefore, it appears that most, if not all, of Plaintiffs' claims, if they are actionable at all, belong to the church rather than directly to Plaintiffs. But the church and its interests must be represented by counsel; the church cannot be represented by any of these individual *pro se* plaintiffs. S*ee Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 347-48 (4th Cir. 2013) (explaining that when the plaintiffs "elected to conduct their

---

[2] These records are also available at https://sdat.dat.maryland.gov/RealProperty/Pages /default.aspx. The Court may, and will, take judicial notice of these public records without converting the pending motions to dismiss into motions for summary judgment. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.").

business through a" corporate entity, "they received protection[s and] assumed a role as agents for the company" but "gave up standing to claim damages to the" entity); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (providing that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" and that "the rationale for that rule applies equally to all artificial entities"). Instead, Plaintiffs "must have personally suffered an injury to have standing," which has not been sufficiently alleged in the amended complaint. *Sol v. M&T Bank*, 713 F. Supp. 3d 89, 106 (D. Md. 2024).

Plaintiffs argue that "12590 Olivet Road, Lusby, Maryland 20657 is the property of Plaintiff, Desi A. Weems, Sr." who is also "the pastor and parent owner of the entity, The Church of God of Lusby." ECF No. 43 at 2. Plaintiffs assert that "as parent owner, heirs and representatives as stated in their Deed, [they] are able to bring forth suit in this Court on behalf of the Church of God of Lusby and their property at 12590 Olivet Road." *Id.* Finally Plaintiffs allege that "Desi A. Weems, Sr., has paid taxes on the land, including the parcel on which the church and home is located from 1986 to present, which is a key fact of ownership of the property." *Id.*

None of Plaintiffs' points have legal merit. Plaintiffs cannot bring claims involving land they do not personally own—they must allege their own legally cognizable injuries to maintain a case. Therefore, all claims brought on behalf of the Church of God of Lusby, as the owner of the Olivet Road Property, will be dismissed with prejudice as to these Plaintiffs.

### III.    Claims Against Other Defendants That Require Dismissal

The Board of County Commissioners for Calvert County argues that Plaintiffs'
claims against the Office of the Sheriff of Calvert County, the Calvert County Animal
Control Division, the Calvert County Planning and Zoning Office, and the Calvert
County Enterprise Geographic Information System should be dismissed because they
are not legal entities capable of being sued. *See Owens v. Baltimore City State's
Attorneys Office*, 767 F.3d 379, 393 (4th Cir. 2014) ("[A]bsent a statutory or
constitutional provision creating a government agency, an 'office' or 'department' bears
no unique legal identity, and thus, it cannot be sued under Maryland law.") (quoting
*Boyer v. State*, 323 Md. 558, 572 n.9 (1991)). Plaintiffs contend simply that they "have
legal standings to bring forth suit against [these] Defendants . . . pursuant to *See 28 USC
Code § 1331*." ECF No. 42 at 2.

Plaintiffs are incorrect and section 1331, establishing federal question
jurisdiction, does not support their argument. As a result, the Court will dismiss the
claims against the Office of the Sheriff of Calvert County, the Calvert County Animal
Control Division, the Calvert County Planning and Zoning Office, and the Calvert
County Enterprise Geographic Information System with prejudice as Plaintiffs have not
established that they are entities capable of being sued.

### IV.    The Counts Alleging Violations of Criminal Statutes, Pain and Suffering, and Embarrassment and Humiliation Must Be Dismissed

Several of the Defendants, including the Board of County Commissioners for
Calvert County and The Reed Family Trust, contend that counts 6 through 8 and counts
10 through 11 should be dismissed as non-cognizable. Counts 6 through 8 allege
criminal violations of Maryland Criminal Law Code § 6-402 (trespass), 18 U.S.C. § 249

(hate crimes), and Maryland Criminal Law Code § 7-104 (theft). "[C]riminal statutes do not ordinarily create individual rights." *Doe v. Broderick*, 225 F.3d 440, 448 (4th Cir. 2000). Plaintiffs have not provided any authority establishing that any of these criminal statutes create private rights of action. Therefore, counts 6, 7, and 8 will be dismissed with prejudice.

Counts 10 and 11 allege "Pain and Suffering" and "Embarrassment and Humiliation." "'Pain and suffering' is a type of compensatory damages that plaintiffs may recover for certain tort claims, but is not an individual cause of action." *Hodge v. Coll. of S. Maryland*, 121 F. Supp. 3d 486, 496 (D. Md. 2015). Similarly, "[w]hile allegations of public humiliation and embarrassment may support other claims, they do not constitute standalone claims." *Kumar v. Mahone*, Case No. 21-cv-735-GLR, 2022 WL 279798, at *5 (D. Md. Jan. 31, 2022). Thus, counts 10 and 11 will also be dismissed with prejudice as stand-alone counts.

## V.    Federal Rule of Civil Procedure 8 Requires Dismissal of the Remaining Claims

Several of the Defendants, including the Board of County Commissioners for Calvert County and The Reed Family Trust, contend that the amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 8. As stated, Rule 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Moreover, "even *pro se* litigants [must] state their claims in a[n]

understandable and efficient manner." *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999)).

Here, Plaintiffs' complaint is expansive and confusing, full of conclusory allegations, and fails to clearly allege which Defendant committed which act and to what end. Instead, it provides a disjointed narrative of possibly related events and largely relies on bald allegations of conspiracy among the 29 Defendants. *See, e.g.*, ECF No. 25 ¶ 43 ("Defendants . . . colluded together in a sophisticated network of organized crime, resulting in the seizure of the Plaintiffs' property at 12590 Olivet Road, Lusby, MD 20657."); *id.* ¶ 46 ("Plaintiffs were targeted by Defendants in a malicious scheme to seize their property and illegally force them from their property because of their race."); *id.* ¶ 140 ("All Defendants interfered with Plaintiffs' rights to the enjoyment of their property."); *id.* ¶ 143 ("Plaintiffs were denied the right to hold, lease, sell, and or convey their property as white citizens do, at the hands of all Defendants," that various Defendants "with the support of all Defendants, each intentionally used their professional titles and affiliations on County and State level in a sophisticated network of organized crime resulting in the illegal seizure of the Plaintiffs' Property," and that "[i]t is the intention of all Defendants to deprive the African American Plaintiffs from their property."); *id.* ¶ 152 ("[A]ll Defendants formed an allegiance in collusion and threatening the Plaintiffs with citations, fines without giving proper notice, seizing, remapping and redistributing the African American Plaintiffs property.").

"[A] district court 'is not obliged to ferret through a [c]omplaint, searching for viable claims.'" *Plumhoff*, 286 F. Supp. 3d, at 702 (quoting *Wynn-Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)). Moreover, "an

allegation of parallel conduct and a bare assertion of conspiracy will not suffice."
*Twombly*, 550 U.S. at 556.

As described above, and in short, the allegations in the amended complaint are not "simple, concise, and direct," and therefore do not meet the requirements of Rule 8. Fed. R. Civ. P. 8(d)(1). Thus, the remaining claims in the amended complaint will be dismissed without prejudice.

## VI.    Service of Process

Two sets of Defendants have moved to dismiss solely on the basis of insufficiency of service of process: (1) James Marcum, Tommy Higgins, and Horizon Group of Century 21 New Millenium, and (2) NM Management, Inc. and Century 21 New Millenium NM Management, Inc. These Defendants argue that service upon them was insufficient because it was not directed to the appropriate people or addresses, even though they ultimately did obtain actual notice of the complaint. *See Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 305 (4th Cir. 2016) ("Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a *pro se* plaintiff.").

The Court need not decide whether flawed service, despite actual notice, amounted to insufficient service of process for these two groups of Defendants under these particular circumstances given its ruling that the amended complaint must be dismissed for other reasons. Thus, these motions will be denied as moot.

## CONCLUSION

The motions to dismiss filed by the State of Maryland (ECF No. 11) and the Maryland Real Estate Commission (ECF No. 15) will be GRANTED, and because these

two Defendants are immune from Plaintiffs' claims, the claims against them will be dismissed with prejudice.

The motions to dismiss filed by The Board of County Commissioners for Calvert County (ECF No. 32) and the Reed Family Trust (ECF No. 34) will be GRANTED as follows: all claims Plaintiffs have raised on behalf of The Church of God of Lusby and the land that entity owns will be dismissed with prejudice because these *pro se* Plaintiffs do not have standing to raise the claims. All claims against the Office of the Sheriff of Calvert County, the Calvert County Animal Control Division, the Calvert County Planning and Zoning Office, and the Calvert County Enterprise Geographic Information System will be dismissed with prejudice because these entities are not subject to suit. Counts 6, 7, 8, 10, and 11 of the amended complaint, alleging violations of criminal statutes and asserting non-viable claims, will be dismissed with prejudice. Finally, the remainder of the amended complaint will be dismissed without prejudice for failure to adhere to Federal Rule of Civil Procedure 8.

The motions to dismiss for insufficient service of process filed by James Marcum, Tommy Higgins, and Horizon Group of Century 21 New Millenium (ECF No. 13), and NM Management, Inc. and Century 21 New Millenium NM Management, Inc. (ECF No. 21) will be denied as moot.

A separate order follows.


Date:  September 19, 2025                    _____ */s/* _____
                                             Adam B. Abelson
                                             United States District Judge